UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Criminal No. 21-cr-406 (JEB) |
| : | |
| LEONARD PEARSON RIDGE IV,   : | |
| : | |
| Defendant.   : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States respectfully submits this memorandum in opposition to defendant Leonard Pearson Ridge IV's motion for early termination of supervised release (Dkt No. 38).

**BACKGROUND**

The defendant pleaded guilty on October 1, 2021, to one misdemeanor violation of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds). On January 4, 2022, the defendant was sentenced to 14 days of imprisonment, a fine of $1,000, and one year of supervised release. (Dkt No. 36.) During the term of supervised release, the defendant was required to pay $500 in restitution and to complete 100 hours of community service, among other requirements. (*Id*.)

The criminal conviction arose from the defendant's conduct on January 6, 2021, when he participated in a riot at the United States Capitol Building that disrupted official proceedings. At the plea hearing, the defendant acknowledged that, prior to January 6, he had used electronic communications to express an anticipation that he and others would "try to block the session of [C]ongress." (Dkt No. 20 at 3.) The defendant used his cell phone to record video of unlawful activity inside the U.S. Capitol Building, including an individual using an object to strike a closed office door. (*Id*. at 4.) After departing the riot, the defendant used a social media application to

1

boast about the riot, including that he had stormed the U.S. Capitol Building and that individuals had broken down doors. (*Id*. at 4.)

On July 1, 2022, the defendant filed a motion seeking early termination of the one-year term of supervised release, noting that he had satisfied all financial obligations and completed the community service requirement. (Dkt No. 38).  Counsel for the United States confirmed the accuracy of these representations with the United States Probation Office for the Eastern District of Pennsylvania, and we learned that the defendant has been in full compliance with all other supervised release conditions.  A little less than six months currently remains in the defendant's one-year term of supervised release.

**ARGUMENT**

The Court may terminate a term of supervised release "at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  In making the determination, the court is required under 18 U.S.C. § 3583(e) to consider several factors enumerated in 18 U.S.C. § 3553(a), including deterrence, public safety, rehabilitation, and consistency in sentencing.  *United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015).  Supervised release serves a "multitude of purposes – it is not only designed for rehabilitation and re-integration, . . . supervised release is also a form of punishment." *United States v. Mathis-Gardner*, 110 F.Supp.3d 91, 94 (D.D.C. 2015) (denying motion for early termination of supervised release); *citing United States v. Ginyard*, 215 F.3d 83, 87 (D.C. Cir. 2000) ("Supervised release is punishment.").

The Court's authority to terminate the term of supervised release begins "after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1).  The defendant has only

completed around six months of supervised release, and consequently his request is premature and must be denied. The law requires "that the effect of any termination begin 'after the expiration [of] one year of supervised release.'" *United States v. Epps*, 707 F.3d 337, 344 (D.C. Cir. 2013), *citing* 18 U.S.C. § 3583(e)(1).

Termination of supervised release is not justified at this time in any event upon consideration of the applicable § 3553 factors, which include: "(1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guidelines range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3583(e); *United States v. Chijioke*, 2021 WL 1907080 (D.D.C. May 12, 2021) (denying request for early termination of supervised release).

"Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release." *United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005), *cited by Matthis-Gardner*, 110 F.Supp.3d at 93-94. For early termination of supervised release, a defendant should "show something of an unusual or extraordinary nature in addition to full compliance." *United States v. Etheridge*, 999 F.Supp.2d 192, 195 (D.D.C. 2013) (internal citation omitted). The defendant is to be commended for complying with his supervised release obligations thus far. Some of the applicable § 3553 factors counsel towards early termination, including the defendant's history and characteristics and the need to provide restitution (which has been paid). But the defendant's criminal conduct on January

6, 2021, was immensely serious, and serving the full time of supervised release is necessary to deter misconduct by others and to ensure that the public is protected.

The Court already carefully considered the § 3553 factors in imposing sentence, which include imposition of the maximum term of supervised release authorized by law. Compliance midway through the term is an encouraging sign, but the interests of justice clearly weigh towards service of the full term of supervised release under the circumstances. The defendant "has not yet spent sufficient time under supervision to assure this Court that his life is permanently on a different path." *United States v. Davis*, 2021 WL 1634594 (D.D.C. April 27, 2021) (denying motion for early termination of supervised release).

**CONCLUSION**

The defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   /s/
MICHAEL J. FRIEDMAN
Assistant United States Attorney
NY Bar No. 4297461
555 Fourth Street, N.W.
Washington, DC 20530
Michael.Friedman@usdoj.gov
(202) 252-6765