UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEONARD PEARSON RIDGE, IV,<br><br>Defendant. | Criminal Action No. 21-406 (JEB) |

### ORDER

In October 2021, Defendant Leonard Pearson Ridge, IV pled guilty to Entering and Remaining in a Restricted Building or Grounds for his actions in and around the United States Capitol Building on January 6, 2021. See ECF No. 19 (Plea Agreement). In January of this year, the Court sentenced him to 14 days in prison and one year of supervised release. See ECF No. 36 (Judgment) at 2, 4. With 5-6 months remaining in his supervised-release term, see ECF No. 39 (Gov't Opp.) at 2, he now moves for its early termination. See ECF No. 38 (Mot. for Early Termination). The Court finds that he is not permitted to do so under the clear language of 18 U.S.C. § 3583(e).

Title 18 U.S.C. § 3583 provides guidance for courts to determine the length and conditions of a term of supervised release. "'[A]fter considering the [sentencing] factors set forth' in § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7)," United States v. Harris, 258 F. Supp. 3d 137, 143 (D.D.C. 2017) (quoting 18 U.S.C. § 3583(e)), courts are permitted to:

> (1) terminate a term of supervised release and discharge the defendant released at any time <u>after the expiration of one year</u> of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it

1

> is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may <u>modify, reduce, or enlarge the conditions</u> of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."

18 U.S.C. § 3583(e)(1)–(2) (emphasis added).

Ridge does not seek relief under § 3583(e)(1), which plainly states that supervised release can be terminated only "after the expiration of one year." <u>Id.</u> at § 3583(e)(1). Instead, he proposes that under § 3583(e)(2), which provides that a court can "modify, reduce, or enlarge the conditions of supervised release," <u>id.</u> at § 3583(e)(2), this Court can reduce the length of his term at any point before its expiration. <u>See</u> ECF No. 40 (Def. Reply) at 1–2. In other words, he construes the length of a term as a "condition[] of supervised release." This interpretation fails for two reasons.

First, § 3583 plainly distinguishes between <u>conditions</u> and <u>terms</u> of supervised release. When the statute refers to a "condition," it means a restriction or requirement devised by the court by which the person subject to supervised release must abide. Section 3583(d), for example, is titled "Conditions of Supervised Release" and refers to, *inter alia*, requirements that a defendant pay restitution, attend a rehabilitation program, register under the Sex Offender Registration and Notification Act, cooperate in the collection of DNA samples, not possess a controlled substance, or not commit another crime. <u>See</u> 18 U.S.C. § 3583(d). When the statute refers to a "term," conversely, it means the period of time during which a person is assigned to supervised release. <u>Id.</u> § 3583(b) (titled "Authorized <u>Terms</u> of Supervised Release" and

2

providing for "not more than five years" for Class A and B felonies, "not more than three years" for Class C and D felonies, and "not more than one year" for Class E felonies and misdemeanors) (emphasis added)); see also id. § 3583(f) (requiring that "the probation officer provide the defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject) (emphasis added); id. § 3583(a) (stating that the court may place defendant "on a term of supervised release after imprisonment") (emphasis added).  Under the plain language of 18 U.S.C. § 3583(e)(2), therefore, the conditions that can be "modified, reduced, and enlarged" govern many facets of a defendant's life under supervised release, but they do not include the length of his term.

      Second, if § 3583(e)(2) granted courts the ability to reduce the length of a term of supervised release, § 3583(e)(1) would be effectively superfluous.  In other words, if courts could terminate supervised release "at any time prior to the expiration or termination of the term," what role would the language requiring that such termination occur only "at any time after the expiration of one year of supervised release" play?  If Ridge's interpretation were correct, § 3583(e)(1) would not preclude defendants from seeking to terminate their supervised release before a year had elapsed.

      Caselaw bears out this distinction.  Termination of a term of supervisory release is consistently sought under § 3583(e)(1).  See United States v. Kaplan, No. 14-226, 2021 WL 4521041, at *1 (D.D.C. Oct. 4, 2021) (seeking termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1)); United States v. Tanguay, No. 08-271, 2021 WL 1966602, at *1 (D.D.C. May 17, 2021) (same); United States v. Harrison, No. 98-235, 2021 WL 1820289, at *1 (D.D.C. May 6, 2021) (same); United States v. Hughes, No. 93-37, 2020 WL 3448008, at *1 (D.D.C. June 24, 2020) (same); United States v. Mauldin, No. 18-371, 2020 WL 2840055, at *2 (D.D.C.

June 1, 2020) (same). Modifications of <u>conditions</u>, conversely, are consistently sought under § 3583(e)(2). See <u>United States v. Johnson</u>, 464 F. Supp. 3d 22, 42 n.11 (D.D.C. 2020) (noting that court had modified conditions of release to include home incarceration with location monitoring and computer monitoring pursuant to § 3583(e)(2)); <u>United States v. Dunlap</u>, 485 F. Supp. 3d 129, 136 (D.D.C 2020) (deciding that conditions of supervised release would be modified to include home incarceration with location-monitoring technology and movement restrictions pursuant to § 3583(e)(2)); <u>United States v. Hill</u>, 959 F. Supp. 2d 158, 161, 166 (D.D.C. 2013) (granting in part defendant's motion to vacate condition that he could not have contact with children pursuant to § 3583(e)(2)).

The Court is aware of this Circuit's mention of the issue in <u>United States v. Epps</u>, 707 F.3d 337 (D.C. Cir. 2013), which stated that "[w]hile [movant] . . . moved for a § 3583(e)(1) termination, . . . nothing prevents him from moving, in the alternative, for a reduction pursuant to § 3583(e)(2)." <u>Id.</u> at 344. That language, however, is clearly *dictum*. <u>Epps</u>, furthermore, discusses § 3583(e) only briefly and never notes the distinction between conditions and terms. It thus does not control here.

The Court, accordingly, ORDERS that Ridge's Motion is DENIED.

<u>/s/ *James E. Boasberg*</u>
JAMES E. BOASBERG
United States District Judge

Date: <u>July 29, 2022</u>

4